# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAFWAY STEEL SCAFFOLDS CO. OF PITTSBURGH, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SAFWAY STEEL PRODUCTS, INC., THYSSENKRUPP AG, THYSSENKRUPP SERVICES AG and THYSSENKRUPP XERVON GMBH, | ) 2:06-cv-312 ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Before the Court for consideration and disposition are PLAINTIFF SAFWAY STEEL SCAFFOLDS CO. OF PITTSBURGH'S MOTION TO REMAND, with brief in support (*Document Nos. 19 & 20*), and THYSSENKRUPP XERVON GMBH'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND (*Document No. 25*). The issues have been fully briefed, and the matter is ripe for disposition.

Plaintiff contends that this action should be remanded to the Court of Common Pleas of Allegheny County pursuant to the "first-served defendant rule." Plaintiff's Brief at 3. Under the "first-served defendant rule," the 30-day time limit on removal "begins to run when the first defendant is served, and ... such a defendant cannot later consent to a removal petition brought by a later-served codefendant." *Yellow Cab Co. of Pittsburgh v. Gasper*, 994 F.Supp. 344, 346 (W.D. Pa. 1998). The first defendant's inability to consent to removal, in turn, violates the "rule of unanimity," *i.e.*, the principle that all defendants must join in any petition for removal. *Id.* at 345. However, in recent years the "first-served defendant rule" has been rejected as inconsistent with the Supreme Court's decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), which held that service of process is a prerequisite for the running of the 30-day removal period. Instead, courts have followed the "later-served defendant rule," under which each defendant enjoys its own 30-day removal period and may remove a case to federal court

even if earlier-served defendants did not do so (so long as no other defendant objects to removal). *See, e.g., Shadie v. Aventis Pasteur, Inc.*, 254 F. Supp. 2d 509, 515 (M.D. Pa. 2003) ("This 'later-served defendant' rule appears to be a necessary corollary to the Supreme Court's recent decision in [*Murphy Brothers*], in which the Court observed that 'service of process is fundamental to any procedural imposition on a named defendant.'"). As set forth in Defendant's Brief, numerous other circuit and district courts have found that application of the "later-served defendant rule" is required by *Murphy Brothers*. *See* Defendant's Brief at 5-7. The Court agrees with those courts, and finds and rules that the "later-served defendant rule" governs the propriety of removal. The Notice of Removal reflects that removal was proper under the "later-served defendant rule."

Plaintiff also contends that the equities require remand, Plaintiff's Brief at 12-14. However, controlling case law from the Third Circuit indicates that the equities, discretionary reasons and/or policy considerations "are not valid bases for remand under [28 U.S.C. § 1447(c)]." *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 128 (3d Cir. 1998).

The Court must also decline to grant Plaintiff's request for permission to take an immediate appeal on whether the "first-served defendant rule" or the "last-served defendant rule" should be followed. Although there appears to be a substantial ground for difference of opinion, the Court is unable to find that an immediate appeal would materially advance the termination of the litigation. Instead, such an appeal would delay an adjudication on the merits of the case.

NOW THEREFORE, this 11th day of May, 2006, it is hereby **ORDERED, ADJUDGED and DECREED** that Plaintiff Safway Steel Scaffolds Co. of Pittsburgh's Motion to Remand is **DENIED**. It is further **ORDERED** that Plaintiff shall respond to the Motion to Dismiss the Amended Complaint Against Thyssenkrupp AG, Thyssenkrupp Services AG and Thyssenkrupp

2

Xervon GMBH (*Document No. 12*) on or before **Friday, May 26, 2006.** Safway Steel Scaffolds Co. of Pittsburgh's Motion to Stay Consideration of the Thyssenkrupp Defendants' Motion to Dismiss (*Document No. 22*) is **DENIED AS MOOT**.

          BY THE COURT:

          s/  Terrence F. McVerry
          United States District Court Judge

cc:    Leland P. Schermer, Esquire
       Email: lschermer@schermerlaw.com
       Bryan A. Loose, Esquire
       Email: bloose@schermerlaw.com

       Kerri L. Coriston, Esquire
       Email: kcoriston@thorpreed.com
       Stuart C. Gaul, Jr., Esquire
       Email: sgauljr@thorpreed.com
       William M. Wycoff, Esquire
       Email: wwycoff@thorpreed.com

       Terry Myers, Esquire
       Frederick E. Blakelock, Esquire
       Email: fblakelock@gibbonslaw.com
       Steven D. Johnson, Esquire
       Email: sjohnson@gibbonslaw.com
       Jeffrey L. Nagel, Esquire
       Email: jnagel@gibbonslaw.com