IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAFWAY STEEL SCAFFOLDS CO. OF PITTSBURGH, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SAFWAY STEEL PRODUCTS, INC., THYSSENKRUPP AG, THYSSENKRUPP SERVICES AG and THYSSENKRUPP XERVON GMBH, | ) ) ) ) ) |
| Defendant. | ) ) |

2:06-cv-312

## ORDER OF COURT

Before the Court for consideration and disposition are the MOTION OF DEFENDANT SAFWAY SERVICES, INC., f/k/a SAFWAY STEEL PRODUCTS, INC. TO COMPEL RESPONSES BY PLAINTIFF SAFWAY STEEL SCAFFOLDS CO. OF PITTSBURGH TO THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION ("Motion") (*Document No. 31*), SAFWAY STEEL SCAFFOLDS CO. OF PITTSBURGH'S MEMORANDUM IN OPPOSITION TO SAFWAY SERVICES, INC.'S MOTION TO COMPEL PRODUCTION OF DISCOVERY ("Memorandum in Opposition") (*Document No. 33*), and the MOTION OF DEFENDANT SAFWAY SERVICES, INC., f/k/a SAFWAY STEEL PRODUCTS, INC. FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES ("Motion for Leave to File a Reply") (*Document No. 34*).

Plaintiff contends in its Memorandum in Opposition that discovery requests that were served prior to removal became "null and void" due to removal, and therefore it need not respond to those requests until the parties confer pursuant to Federal Rule of Civil Procedure 26(f). Memorandum in Opposition at 3-4. Plaintiff is generally correct. *See Riley v. Walgreen Co.*, 233 F.R.D. 496, 448-49 (S.D. Tex. 2005). However, "Rule 26(d) does permit parties to avoid the discovery bar by agreement." *Id*. at 499. Exhibit B to the Motion reflects that on March 17, 2006, eight days after this case was removed, counsel for Plaintiff demanded responses to its pre-removal Third Set of Interrogatories and Third Set of Document Requests from Defendant, and

asserted that a motion to compel would be filed if responses to same were not forthcoming. Although there is no explicit agreement pursuant to Rule 26(d) that *pre-removal* discovery obligations will remain in effect, Plaintiff cannot *demand responses* to its pre-removal discovery requests *after the case was removed*, but contend that it now has no obligation to respond to Defendant's requests *because the case was removed*. In short, Plaintiff cannot selectively invoke the principle that "Rule 26(d) bars discovery until after the parties have conferred about a discovery plan as directed by Rule 26(f)." *Id*.

NOW THEREFORE, this 12th day of May, 2006, it is hereby **ORDERED, ADJUDGED and DECREED** that the Motion of Defendant Safway Services, Inc., f/k/a Safway Steel Products, Inc. to Compel Responses by Plaintiff Safway Steel Scaffolds Co. of Pittsburgh to Third Set of Interrogatories and Requests for Production is **GRANTED**. It is further **ORDERED** that Plaintiff shall make full and complete responses to the Third Set of Interrogatories and Third Request for Production on or before Friday, May 19, 2006. The Motion for Leave to File a Reply is **GRANTED**, and the reply brief attached thereto is deemed to be filed.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Leland P. Schermer, Esquire
Email: lschermer@schermerlaw.com
Bryan A. Loose, Esquire
Email: bloose@schermerlaw.com

Kerri L. Coriston, Esquire
Email: kcoriston@thorpreed.com
Stuart C. Gaul, Jr., Esquire
Email: sgauljr@thorpreed.com
William M. Wycoff, Esquire
Email: wwycoff@thorpreed.com

Terry Myers, Esquire
Frederick E. Blakelock, Esquire
Email: fblakelock@gibbonslaw.com
Steven D. Johnson, Esquire
Email: sjohnson@gibbonslaw.com
Jeffrey L. Nagel, Esquire
Email: jnagel@gibbonslaw.com